# CIRCUIT COURT OF THE CITY OF RICHMOND

The Lex Group

v.

Robert Gookin

March 8, 2004

Case No. LM-1442-4

BY JUDGE MELVIN R. HUGHES, JR.

There was an appearance on March 3, 2004, in this appeal to this Court from a judgment of the General District Court.

The parties agree on the essential facts. Defendant, an attorney, engaged plaintiff, which is in the business of printing briefs for appeals to appellate courts, to print the necessary briefs for an appeal of a criminal case to the Virginia Court of Appeals. Plaintiff knew that defendant was representing a certain named defendant in the appeal. After the bill went unpaid, plaintiff brought suit. Defendant opposes, arguing that, since plaintiff was aware he was acting on behalf of a privately retained client, he has no personal liability and that any liability should attach to his client, not him. He cites the Code of Professional Responsibility for the proposition that a client is ultimately responsible for any expenses and advances an attorney may make in the representation and, therefore, he should not bear any responsibility for the claimed amount due.

The court does not agree. While the Code of Professional Responsibility is no longer in effect, Rule 1.8 of the Virginia Rules of Professional Conduct addresses attorney fee advancement. Rule 1.8(e)(1) provides that "a lawyer may advance court costs and expenses of litigation, provided the client remains ultimately liable for such costs and expenses." The costs in the case at bar would classify as "expenses of litigation." While this rule squarely places *ultimate* responsibility for such expenses on the client, it does not relieve the defendant of personal liability for a contract signed by him. Here,

it is abundantly clear that the contract for the services rendered was made between defendant and plaintiff. He contracted for the service with plaintiff with no indication that only the client would be responsible. The invoices, the only documentary evidence of the engagement, plaintiff sent to defendant are in his name. The evidence shows that the contract was between plaintiff and defendant, not between plaintiff and defendant's client. Defendant is, therefore, personally liable for the contract amount.

For the foregoing reasons, the court will enter judgment for the plaintiff on the amount sued for.